**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DARIN KAUFMAN, #15000-027,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-00120-JPG** |
| | ) | |
| **WARDEN WERLICH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

On January 29, 2020, Plaintiff Darin Kaufman, an inmate in the custody of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), filed a Motion for Immediate Injunction that is now before the Court for consideration. (Doc. 1). Plaintiff did not file a Complaint. He also failed to pay a filing fee or request leave to proceed without prepayment of the fee.

In the Motion, Plaintiff alleges that a staff member at FCI-Greenville refused to provide him with a single letter from his attorney that was marked "legal mail" on January 10, 2020. (Doc. 1, p. 2). The unidentified staff member opened the letter and read court documents contained therein. (*Id*.). He or she then refused to give the documents to Plaintiff for "liability reasons." (*Id*.). Plaintiff claims that this conduct now interferes with his "right to perfect an [a]ppeal and defend his case." (*Id*.). He does not identify the case. (*Id*.). Plaintiff seeks an order prohibiting FCI-Greenville officials from interfering with or withholding his legal mail. (*Id*.).

Because Plaintiff is a prisoner, the Court must conduct a preliminary review of his complaint pursuant to 28 U.S.C. § 1915A. Given that he filed no complaint, however, this Court is unable to screen the matter. The Federal Rules of Civil Procedure provide that "[a] civil action

is commenced by filing a complaint with the court." FED. R. CIV. P. 3.  This is "the first step in the action."  *Id.*, Advisory Committee Notes, 1937 Adoption.  Plaintiff's Motion for Immediate Injunction (Doc. 1) does not suffice as a complaint.

Although *pro se* litigants are not held to the same standards that apply to licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not entitled to general dispensation from the rules of civil procedure.  *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).  The requirement that all plaintiffs must file a complaint is a fundamental rule in our legal system.  Without a complaint, the Court cannot ascertain the basis for jurisdiction.  *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005).  Here, Plaintiff has not disclosed the jurisdictional basis for his claims, and the Court will not engage in a guessing game.

The Court also cannot determine the exact causes of action that Plaintiff intends to bring against each defendant.  He refers to the alleged misconduct of a staff member in the motion, but he does not identify this individual as a defendant.  Plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).  Without a complaint that identifies each defendant who is responsible for a violation of Plaintiff's rights and a brief description of the conduct giving rise to each claim, the Court is unable to fully analyze Plaintiff's claims or consider his Motion.

At first pass, the Court finds no grounds for issuing a temporary restraining order ("TRO") or a preliminary injunction here.  A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  FED. R. CIV. P.

65(b)(1)(A).  Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm."  *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).  A preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion.  *See* FED. R. CIV. P. 65(a)(1).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).  *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

The Motion does not suggest any likelihood of success on the merits or any irreparable harm that has occurred or will occur without injunctive relief.  Plaintiff describes no misconduct that rises to the level of a constitutional violation.  He complains of a single instance of mail interference on January 10, 2020.  (Doc. 1).  Only ongoing interference with legal mail violates a prisoner's rights.  *See Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (citing *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987) (sporadic or short-term interference with mail delivery does not violate the constitution).  Further, he describes conduct that could have interfered with an appeal, but he does not claim that the conduct actually impeded his ability to pursue an appeal.  Plaintiff must show "some quantum of detriment" caused by the defendant's conduct that "result[ed] in the interruption and/or delay of plaintiff's pending or contemplated litigation."  *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994) (*Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004).  Plaintiff's allegations do not establish the necessary connection between the alleged denial of access to legal materials and an inability to pursue some legitimate challenge to a conviction, sentence, or prison conditions.  *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009).

<u>**Disposition**</u>

**IT IS ORDERED** that Plaintiff's Motion for Immediate Injunctive Relief (Doc. 1) is **DENIED without prejudice**.

**IT IS ORDERED** that Plaintiff must pay the $400.00 filing fee for this action or file a properly completed motion for leave to proceed *in forma pauperis* ("IFP Motion") on or before **February 28, 2020**. (*See* Order at Doc. 2).

**IT IS ORDERED** that Plaintiff shall also file a complaint on or before **February 28, 2020**, thereby initiating this action. Plaintiff is reminded that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). He is encouraged to use the Court's standard civil rights complaint form to prepare the pleading. He must clearly identify which claim(s) he is bringing against each defendant. In particular, the allegations should demonstrate which defendants are personally responsible for any claimed violation of his rights.

Plaintiff is hereby **WARNED** that failure to file a proper complaint *and* IFP Motion or $400.00 filing fee by **February 28, 2020,** will result in dismissal of this action without prejudice. Such a dismissal may count as a "strike" under the provisions of 28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to mail Plaintiff a standard Civil Rights Complaint form and instructions for a person in custody.

Finally, Plaintiff is advised that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause

a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/31/2020**

s/J. Phil Gilbert

**J. PHIL GILBERT**
**United States District Judge**
