## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARIN KAUFMANN, #15000-027,     )
     )
       Plaintiff,     )
     )
vs.     )     Case No. 20-cv-00120-JPG
     )
T.G. WERLICH,     )
JOHN DOE 1,     )
and JANE DOE 2,     )
     )
       Defendants.     )

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Darin Kaufmann, an inmate who is in the custody of the Federal Bureau of Prisons ("BOP") and currently incarcerated at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. In the Complaint,[1] Plaintiff claims that FCI-Greenville officials denied him access to the courts by interfering with his legal mail on a single occasion. (Doc. 7). He seeks money damages against three individual defendants. (*Id*. at 7).

The Complaint is now ripe for review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff originally filed a Motion for Preliminary Injunction without submitting a Complaint on January 29, 2020. (Doc. 1). The Court denied the Motion on January 31, 2020, and instructed Plaintiff to file a Complaint if he wished to pursue his claims. (Doc. 4). In response, Plaintiff filed an unsigned Complaint on February 24, 2020. (Doc. 7). He later submitted an exhibit that included his signature and certification pages for the Complaint on March 4, 2020. (Doc. 12).

At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 7, p. 6): On January 11, 2020, Plaintiff was called to the prison mailroom by a staff member, who informed him that his attorney sent him a letter. Plaintiff could see the envelope, and it was clearly marked "Legal Mail." (*Id.*). Even so, the staff member refused to give Plaintiff the letter from his attorney for "liability" reasons. (*Id.*). Instead, the individual opened, read, and circulated the contents among staff. Plaintiff claims that this staff interference with his legal mail on one occasion prevented him from working on his appeals and denied him access to the courts. Although Plaintiff has filed one or more grievances to address this matter, Warden Werlich has done nothing to address his concerns. (*Id.*).

Based on the allegations, the Court finds it convenient to designate the following claim in the *pro se* Complaint:

> **Count 1:** FTCA claim against Defendants for interfering with Plaintiff's legal mail on January 11, 2020.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Discussion

Plaintiff brings a claim against individual prison officials for the denial of access to the courts under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346, 2671-80. The FTCA authorizes "civil actions on claims against the United States, for money damages . . . for . . .

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA provides jurisdiction for suits against the United States for torts committed by federal officials.

The United States is the only proper defendant in an FTCA action, and Plaintiff did not name the United States as a party. *See* 28 U.S.C. § 2679(b)(1); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). He named individual federal officers. However, Plaintiff cannot pursue an FTCA claim against these individuals. *Stewart v. United States,* 655 F.2d 741, 742 (7th Cir. 1981) ("Plaintiff has no cause of action . . . [under the FTCA] against an employee, her exclusive remedy being an action against the United States."). Count 1 shall therefore be dismissed against the three individual defendants with prejudice.

Moreover, even if he pursued money damages against these individuals under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), Plaintiff's claim would fail for several reasons. For example, his claim is likely foreclosed by *Ziglar v. Abbasi*, -- U.S. --, 137 S.Ct. 1843, 198 L.Ed.2d 290 (2017), a United States Supreme Court decision which discouraged expansion of the *Bivens* remedy. *Id*. at 1857. Even if he could clear this hurdle, however, Plaintiff's Complaint would fail for other reasons.

Plaintiff does not refer to two of the defendants in his statement of claim. (Doc. 7, p. 6). He describes misconduct of staff members without naming a defendant (*e.g.*, John or Jane Doe) when referring to them. (*Id*.). As this Court already explained in its Order denying his Motion for Preliminary Injunction, Plaintiff is required to associate specific defendants with specific claims to put the defendants on notice of his claims against them. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Without identifying each defendant who is

responsible for a violation of Plaintiff's rights and briefly describing what each individual did in violation of his rights, the Court is unable to fully analyze Plaintiff's claims.

Further, although Plaintiff does allege that Warden Werlich ignored his grievances, this allegation would support no claim under *Bivens* against the warden.  *See Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009) (prison officials who receive or respond to prisoner's grievances do not become vicariously liable just because they fail to ensure the grievances are properly addressed).

Finally, even if Plaintiff properly identified defendants in the case caption and statement of claim, the alleged conduct would not support a claim against them for interference with access to the courts.  Plaintiff describes a single example of mail interference.  As this Court previously explained, only ongoing interference with legal mail violates a prisoner's rights.  *See Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (citing *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987) (sporadic or short-term interference with mail delivery does not violate the constitution)). Plaintiff also fails to identify any particular legal claim that was lost as a result of the single instance of mail interference.  Plaintiff must show "some quantum of detriment" caused by each defendant's conduct that "result[ed] in the interruption and/or delay of plaintiff's pending or contemplated litigation."  *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004).  Plaintiff's allegations do not establish the necessary nexus between the denial of legal mail and the inability to pursue a legitimate challenge to his conviction, sentence, or prison conditions.  *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009).

Having again failed to set forth sufficient allegations to state a claim under the FTCA (or *Bivens*), the Complaint shall be dismissed.  However, the dismissal shall be without prejudice, and

Plaintiff shall have one final opportunity to re-plead his claim.  If he chooses to do so, Plaintiff must comply with the deadline and instructions set forth in the below disposition.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 7) is **DISMISSED** without prejudice.  Plaintiff is **GRANTED** leave to file an Amended Complaint on or before **June 22, 2020**.  Should Plaintiff fail to file an Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

When preparing his Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District.  He should label the form, "Amended Complaint," and list the case number for this action (No. 20-cv-00120-JPG) on the first page.  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is reminded that an amended complaint generally supersedes and replaces prior complaints, rendering them void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  The Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files an Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 5/26/2020**                              s/J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **United States District Judge**