**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DARIN KAUFMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-120-NJR |
| ) | |
| E. WILLIAMS, MS. BOWERS, and ) | |
| T. RAY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Darin Kaufmann, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at Greenville Federal Correctional Institute ("Greenville"), brings this action for deprivations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In his Amended Complaint (Doc. 22),[1] Kaufmann alleges Defendants interfered with his access to legal mail.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

---

[1] Kaufmann originally filed a Motion for Preliminary Injunction without submitting a Complaint on January 29, 2020. (Doc. 1). The Court denied the Motion on January 31, 2020, and instructed Kaufmann to file a Complaint if he wished to pursue his claims. (Doc. 4). In response, Kaufmann filed an unsigned Complaint on February 24, 2020. (Doc. 7). He later submitted an exhibit that included his signature and certification pages for the Complaint on March 4, 2020. (Doc. 12). On May 25, 2020, that Complaint was dismissed for failure to state a claim (Doc. 17). Kaufmann was given leave to file an Amended Complaint which is currently pending before the Court.

granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Kaufmann makes the following allegations in the Amended Complaint (Doc. 22): On numerous occasions, Kaufmann was called to the mailroom and had his legal mail read and then denied access to the mail (*Id*. at p. 6). Specifically, on January 11, 2020, T-Ray called him to the mailroom and opened an envelope containing a brief to the United States Supreme Court (*Id*.). T-Ray spoke with Ms. Bowers and then told him he was not allowed to have his legal mail. Kaufmann spoke with Ms. Bowers about his legal mail from his attorney in his appeals case being read and then blocked from his receipt (*Id*. at p. 7). She told him because the brief contained a description of his crime in detail, a sexual crime, his legal mail would be treated as "PSI" and he would not be allowed to receive the documents (*Id*.). He was also told that even if he looked at his central file and read the mail, he could not make notes or copies (*Id*.). Although he has requested time to review his central file, those requests were not fulfilled. Although he only identifies January 11, 2020, as a specific date his mail was withheld, he alleges that all legal mail has been withheld and there have been numerous encounters with T-Ray, but he does not have the dates when the mail was received and when he was denied receipt (*Id*. at p. 8). As a result of his mail being withheld, he was not able to work on his case on appeal (*Id*. at p. 7). He also alleges that T-Ray read documents from the Court marked "legal mail."

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to designate a single count in this *pro se* action:

> **Count 1:** First Amendment interference with legal mail claim against Defendants for reading and then denying him access to his legal mail.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

At this stage, the Court finds that Kaufmann states a viable claim for interference with his legal mail against T-Ray and Ms. Bowers. *Kaufman v. McCaughtry,* 419 F.3d 678, 685–86 (7th Cir.2005). *See Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (citing *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987) (although sporadic or short-term interference with mail delivery does not violate the constitution, repeated and intentional withholding of mail states a claim)). Although the Court previously noted that Kaufmann's claim is likely foreclosed by *Ziglar v. Abbasi*, -- U.S. --, 137 S.Ct. 1843, 198 L.Ed.2d 290 (2017), a United States Supreme Court decision which discouraged expansion of the *Bivens* remedy, the Court will allow the parties the opportunity to brief the issue through a properly filed dispositive motion. *Id*. at 1857.

Kaufmann fails, however, to state a claim against Warden E. Williams. Although he identifies Williams in the caption of his Amended Complaint, there are no allegations against him in his statement of claim (Doc. 22, pp. 6-8). In an exhibit entitled "memorandum of law" he states that Williams ignored his requests for remedies, but he was previously informed that the failure to remedy the issue through his grievances does not state a claim against the warden. *See Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009) (prison officials who receive or respond to prisoner's

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

grievances do not become vicariously liable just because they fail to ensure the grievances are properly addressed). Thus, the claim against Williams is **DISMISSED without prejudice**.

### Disposition

For the reasons stated above, Count 1 shall proceed against Ms. Bowers and T-Ray but is **DISMISSED without prejudice** as to E. Williams.

The Clerk of Court shall prepare for Defendants Ms. Bowers and T-Ray: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Kaufmann. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Kaufmann, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Kaufmann, and the judgment includes the payment of costs under Section 1915, Kaufmann will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Kaufmann is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  12/9/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your amended complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**